NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4585 |
| Plaintiff - Appellee, | D.C. No. 3:22-cr-02359-RBM-1 |
| v. | |
| OMAR ANTHONY QUINTERO-ARIAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

Submitted April 22, 2025[**]

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Omar Anthony Quintero-Arias appeals from the district court's judgment revoking supervised release and imposing a sentence of 24 months' imprisonment and three years' supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Quintero-Arias first contends that the district court did not adequately explain the sentence, including its reasons for rejecting his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record as a whole reflects that the district court considered Quintero-Arias's mitigating arguments but concluded an above-Guidelines custodial sentence was warranted given Quintero-Arias's immediate and serious violations following release from the court's lenient sentence on the underlying offense. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The record further shows that the court imposed a new supervised release term because it believed Quintero-Arias required further supervision and would benefit from treatment. *See* 18 U.S.C. § 3583(a). Contrary to Quintero-Arias's argument, the court's reasons reflect proper consideration of Quintero-Arias's breaches of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007).

Quintero-Arias also contends that the district court erred by imposing a suspicionless search condition that extends to his electronic devices because it did not establish a nexus between the condition and his conduct. We conclude the district court did not abuse its discretion because the nexus is apparent from the record. *See United States v. Wolf Child*, 699 F.3d 1082, 1089-90 (9th Cir. 2012) (stating standard of review and explaining that the district court does not need to

state its reasons for a supervised release condition where the reasoning is apparent from the record).  In light of Quintero-Arias's conduct on supervised release, the condition is reasonably related to the goals of deterrence, protection of the public, and rehabilitation and involves no greater deprivation of liberty than is reasonably necessary.  *See* 18 U.S.C. § 3583(d).  To the extent Quintero-Arias challenges the district court's failure to make findings justifying the inclusion of electronic devices in the condition, he did not raise this argument below and he has not shown the court plainly erred.  *See United States v. Blinkinsop*, 606 F.3d 1110, 1118-19 (9th Cir. 2010).

**AFFIRMED.**